GILL v. HAYES.

No. 29581. Dec. 10, 1940.

Rehearing Denied Feb. 11, 1941.

*108 P. 2d 117.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

RILEY, J. Plaintiff in error was plaintiff below, and the parties will be referred to herein as plaintiff and defendant.

Plaintiff commenced this action to recover damages for personal injuries sustained while riding in defendant's automobile as defendant's guest, while driving along a highway in the state of New Mexico.

Demurrer to plaintiff's evidence was sustained, and he appeals.

Plaintiff alleged in his petition that his injuries were proximately caused by the carelessness and negligence of defendant; and by his recklessness and his reckless disregard for the rights of others and particularly the rights of plaintiff in that he was driving said car in the nighttime upon a curved pavement at approximately 70 miles per hour, in violation of the speed laws of the state of New Mexico restricting the maximum speed for passenger automobiles to "such speeds as shall be consistent at all times with safety and proper use of the roads." That the acts of defendant were in reckless disregard of the rights and safety of plaintiff and the rights of others who might be using said highway, and without having or keeping said car under control and without being able to see the curved condition of said roadway and while same was damp, wet, and slippery, and without having tires equipped with treads or chains, and without having the brakes so adjusted that they would function evenly, but so that one side would pull and brake in excess of the other side.

Defendant, among other defenses, pleaded the so-called guest statute of New Mexico which provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of an accident, unless such accident shall have been intentional on the part of said owner or caused by his heedlessness or his reckless disregard of the rights of others."

Plaintiff's evidence, in substance, was that he and defendant had planned a trip from Oklahoma City, Okla., to Colorado Springs, Colo. The first plan was that they would go in separate cars.

It appears that a number of other persons were to go, apparently as guests. But shortly before they started some of the persons who were to ride in plaintiff's automobile decided not to go. It was then decided that plaintiff would ride in defendant's automobile along with others as defendant's guests.

The party consisted of defendant, defendant's wife; Wilma Hayes, defendant's sister; Christine Preston, defendant's cousin, and plaintiff.

Defendant was driving his own car. At the time of the accident defendant's sister and cousin were riding with defendant in the front seat. Plaintiff and defendant's wife were in the rear seat. The party left Oklahoma City about 3 o'clock, September 2, 1938. The wreck occurred between 12:30 and 1 o'clock the next morning, about 18 miles south of Raton, N. M.

Plaintiff testified that there was not a great deal unusual in the manner in which defendant drove; that he had a

new '38 car and drove pretty fast, sometimes as high as 80 miles an hour; that several times plaintiff requested that defendant slow down, and "he generally did," but would "start up again shortly."

For a distance of 30 to 50 miles before the accident occurred it had been raining. It was not raining at the time and place of the accident, but it had been raining and it was "misty."

The brakes on defendant's car were "slightly off balance, not bad," but such as to cause the car to swerve slightly, when the brakes were suddenly applied.

As to what actually caused the accident the evidence is meagre.

Three witnesses testified for plaintiff. Miss Preston testified that she was asleep at the time. She was thrown from the car and severely injured.

Wilma Hayes testified:

"A. 'Well, the first I knew we started rolling. We were going pretty fast and it was raining and it seems like George threw on the brakes or started to slow down or something and the car started weaving and we turned over is all I know.' * * * A. 'Well, it happened so quick it was a little hard to tell. The first thing I recall was him slapping on his brakes and saying hold on or something of that nature and then we crashed into the side of the road on the left-hand side, as I recall was higher than that on the south side and as we crashed into that, the lights went out and then we swerved off the road on the right-hand side and started rolling. We rolled, I would say, close to 150 feet and turned over six or seven times, seven I believe, they told us later.' Q. 'Did you pass through any obstruction as your car was rolling over that 150 feet?' A. 'Yes, we hit a barb wire fence with posts and I believe we stopped right after we got through it or on it; I think it was under the car, I think it was the final thing that stopped us.' "

The question presented is whether there was any evidence which, together with all inferences that might reasonably be drawn therefrom, reasonably tended to prove that the accident was intentional on the part of defendant or

was caused by his heedlessness or his reckless disregard of the rights of others, and particularly the rights of plaintiff.

It is conceded that because the injuries were received in the state of New Mexico, the so-called "guest statute" of that state is applicable.

The court of last resort of New Mexico has not, so far as we are advised, construed that statute.

The exact statute has never been before this court for consideration. Connecticut appears to have been the first state to enact a statute of this character. That state, in 1927, adopted a statute in the exact language of that of New Mexico. The Connecticut statute has since been repealed, but while in force it was before the court of last resort for construction.

The first case is that of Silver v. Silver, 108 Conn. 371, 143 Atl. 240, 65 A.L.R. 943.

It is therein pointed out that the language of the statute indicates legislative intent to limit the liability of the owner or operator of a motor vehicle to one who was riding in it as his guest, to two classes of cases.

First, where the accident was caused by intentional conduct, and, second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than mere failure to exercise the care of a reasonably prudent man, which is the familiar definition of negligence. There was some contention in that case that notwithstanding the statute the operator would be liable if the accident was caused by his heedlessness, which plaintiff there claimed was equivalent in meaning of carelessness or negligence.

With regard to the word "heedlessness," the court said:

"Standing by itself it connotes a lack of care substantially identical with that indicated by the word 'negligence.'

"The question for our consideration, however, is not the meaning of a single

word in an abstract sense, but its meaning with due regard to its context and the meaning of the entire phrase or sentence in which it appears. We must assume that the Legislature was familiar with the decisions of this court permitting a recovery by a guest in an automobile for injuries resulting from the negligence of the owner or operator, and that, when it undertook to legislate upon that subject, it was with the purpose of making some change in the existing law."

The court held before there is liability, under the statute apart from intentional misconduct, there must be evidence reasonably tending to prove that the accident was caused by the heedless or reckless disregard of the rights of others.

This construction of the statute has been followed in substance by every court which has had occasion to construe that particular statute.

Again in Bordonara v. Senk, 109 Conn. 428, 147 Atl. 136, it was held that the meaning was conduct which is improper or wrongful, "evincing a reckless indifference to consequences to the life or limb, or health, or reputation or property rights of another."

In general it may be said that in such a statute the word heedlessness must be read in connection and coupled with the words reckless disregard of the rights of others. Sadinsky v. Coughlin, 114 Conn. 585, 159 Atl. 492.

In Lee v. Lott, 177 S. E. 92, the Court of Appeals of Georgia in construing a South Carolina statute, exactly the same as the Connecticut and New Mexico statute, held:

"Under South Carolina guest statute, automobile guest cannot recover for injuries, unless act causing accident was intentional or accident was caused by heedless and reckless disregard of rights of others by owner or operator."

And:

"Act or conduct in reckless disregard of rights of others, authorizing recovery under South Carolina guest statute, is improper or wrongful conduct, and constitutes 'wanton misconduct' evincing reckless indifference to consequences, to life, limb, health, reputation, or property rights of another, and is more than gross negligence. * * *"

The facts as alleged in the petition in the latter case were much stronger against the defendant than the evidence in this case. Almost every act of alleged negligence claimed in this case was there alleged. There it was not raining and the pavement was not wet, but at the point where defendant attempted to drive his car back upon the paved roadway the pavement was six inches higher than the shoulder.

An order overruling a demurrer to the petition was reversed. In effect the court held that there could be no liability unless the operator of the motor vehicle acted with the actual or imputed knowledge that the inevitable or probable consequences of his conduct would be to inflict injury.

In Fly v. Swink, 69 S. W. 2d 902, the Court of Appeals of Tennessee, in construing the Texas statute identical with the Connecticut, South Carolina, and New Mexico statutes, adopted in substance the construction of the court of Connecticut, pointing out that the leading case on the question was Silver v. Silver, supra.

In Crosby v. Strain (Tex. Civ. App.) 99 S. W. 2d 659, substantially the same construction was placed upon the statute.

Nearly all the courts passing upon this identical statute have held that the word heedlessness as there used is to be read in connection with reckless disregard of the rights of others, and that in order to create liability, the acts of the operator causing the accident must be something beyond mere negligence; and something approaching willful or wanton misconduct.

The only respect in which the attitude of one whose acts are in heedless and reckless disregard of the rights of others is less blameworthy than that of the intentional wrongdoer is that, in-

stead of affirmatively wishing to injure another, he is merely willing to do so.

The evidence in this case shows that plaintiff and defendant were friends of some years standing. They had taken a number of automobile trips together, sometimes the one and sometimes the other being "guest rider." There was riding with defendant, besides plaintiff, his wife, his sister and his cousin, all alike his guests.

We would not hesitate to hold that there was evidence sufficient to require submission to the jury were it only a question of defendant's negligence.

Measured by the construction of every other court which has construed the statute, we are unwilling to say that the evidence in this case, though sufficient to show negligence in its ordinary sense, was sufficient to show a willingness to inflict injury on plaintiff or any of his other guests.

There was no error in sustaining the demurrer to plaintiff's evidence. Judgment affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and NEFF, JJ., concur.