260 P.2d 368

## MENKES v. VANCE.

No. 5644.

Supreme Court of New Mexico.

Aug. 12, 1953.

Rehearing Denied Sept. 3, 1953.

J. Benson Newell, Las Cruces, for appellant.

W. C. Whatley, W. B. Darden and LaFel E. Oman, Las Cruces, for appellee.

McGHEE, Justice.

The decisive question on this appeal is whether the evidence of the plaintiff was sufficient to withstand a motion for a directed verdict at the close of his case.

The plaintiff was riding as a guest of the defendant in a 1934 Ford automobile on which only the left headlight was burning, traveling on a bladed road containing considerable blow sand in places, and with slight turns in it to avoid mesquite in some three places. Light poles were set at the edge of the road. The car left the road where it made a slight turn to avoid a mesquite bush, and struck a pole on the right side of the car, demolishing the car and inflicting serious injuries upon the plaintiff.

The plaintiff and defendant were students at the New Mexico College of Agriculture and Mechanic Arts located just south of Las Cruces, New Mexico. They had gone that evening in the defendant's car from the school dormitory to that city where they had dinner. The plaintiff had ridden with the defendant a number of times and knew the right headlight was not burning before the accident. After dinner the defendant was taking the plaintiff to the home of the latter's brother where a car was to be borrowed by the plaintiff to take some friends to El Paso, Texas, but the defendant was not going on that trip. Two roads were available for travel to the place where the car was to be borrowed, one a paved road to be reached by turning to the right a short distance at a certain point south of Las Cruces, and the other the bladed dirt road reached by turning to the left a short

distance. It was the latter road the defendant selected to travel.

According to the testimony of the plaintiff (and he was the only one who testified as to what happened), after the defendant entered the dirt road he accelerated his speed and the plaintiff stated to the defendant if he wanted to drive that fast he should go to the other road which was paved and that he was driving too fast. The plaintiff also testified this was the last he remembered; that the accident could have occurred in a split second thereafter; and that he did not hear the defendant make any reply. The plaintiff did not attempt to estimate the speed of the Ford.

Our guest statute, section 68–1001, N.M. S.A., 1941 Comp., under which this action was brought, reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

We construed this statute in Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006, where former Justice Coors showed we adopted it verbatim from Connecticut, and then reviewed the cases from that state on the subject, as well as Gill v. Hayes, 1940, 188 Okl. 434, 108 P.2d 117, and Woolf v. Holton, 1949, 240 Mo.App. 1123, 224 S.W. 2d 861, which had theretofore construed our guest statute in cases involving accidents in New Mexico. We there held before a recovery could be had by a guest he must establish by substantial evidence the defendant operated his automobile in heedless and reckless disregard of the rights of the plaintiff, and that such conduct was the proximate cause of the accident and the plaintiff's injuries.

In Smith v. Meadows, supra, the defendant drove his car into another parked partially on the highway at night without lights while traveling at a rate of speed estimated by the witnesses to have been 70, 75 or 80 miles per hour. As in the present case, the plaintiff there received severe injuries, for which he was given judgment for $12,500 in accordance with the verdict of the jury. We held the evidence insufficient to show heedless and reckless disregard by the defendant of the rights of others, and particularly of the plaintiff, and that such conduct of the defendant was the proximate cause of the injury, reversing the judgment with instructions to enter a judgment for the defendant.

From the testimony in this case, the car driven by the defendant must have gone out of control when he attempted to make the slight turn in order to avoid the mesquite bush. The car left the road and its

right side struck the light pole, crushing the car on that side and inflicting the injuries sustained by the plaintiff, as above stated. Viewing the testimony in the light most favorable to the plaintiff, and indulging all reasonable inferences flowing therefrom in his behalf, we are unable to bring ourselves to the belief it establishes the car was driven in heedless and reckless disregard of the rights of the plaintiff so as to entitle him to a recovery under our guest statute. The testimony would support a finding of negligence, but that is not sufficient here.

Our decision set out above makes it unnecessary to discuss other points raised in the brief and argument of the plaintiff.

The judgment will be affirmed. It is so ordered.

SADLER, C. J., and COMPTON, LUJAN, and SEYMOUR, JJ., concur.