Preston C. HILL, as Administrator of the
Estate of Raymond Arthur Eldridge,
Deceased, Appellant,

v.

J. L. CHEEK, and wife, Charles Natheline
Cheek, Appellees.

No. 15673.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1956.

------♦------

W. M. Taylor, Jr., Hobert Price, Dallas, Tex., for appellant.

John J. Watts, Odessa, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

BROWN, Circuit Judge.

While transporting his grandmother, Mrs. Dee, his mother, Mrs. Hill, and his sister, Mrs. Cheek, and her two young sons, a collision between Raymond Eldridge's car and a grain truck on a New Mexico highway occurred killing the owner-driver Eldridge, Mrs. Dee, the two small boys, and injuring Mrs. Cheek. In this diversity action against Eldridge's estate by the Cheeks, the jury returned a lump sum verdict covering injuries to Mrs. Cheek and the damages sustained by her and her husband for the death of the boys.

Pressed on us for reversal and rendition is the contention by the Cheeks that the evidence on liability was not sufficient to make out a case. We decline to take such action notwithstanding, on this sketchy record indicating only high speed and momentary position on the wrong side of the highway, there is considerable doubt that the burden was sustained. This flows from our abiding conviction that the trial was directed, evidence received and excluded, charges given and rejected, and otherwise conducted on the erroneous theory that it was one for simple negligence only, rather than a case presenting questions of interpretation and application of the New Mexico Guest Statute.[1]

New Mexico, enacting the Connecticut statute, has adopted the Connecticut construction as well, and the standard is one far different from ordinary due care—the driver's conduct must reflect a wantonness, a conscious, almost willful indifference to the safety of the passengers in the vehicle, utter irresponsibility, abandonment of all consideration of safety, a concept not less exacting than gross negligence.[2]

But, illustrated most graphically by the charge to the jury,[3] this was not the standard followed by the court. The charge given was not right. It did not, as required, submit plainly and in understandable terms the concept of this Guest Statute liability. The sharp differences in the underlying basis of liability must be adequately translated in-

---

1. Section 68–1001, New Mexico laws: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights or others."

2. Smith v. Meadows, New Mexico, 56 N. M. 242, 242 P.2d 1006, expressly approving Gill v. Hayes, 188 Okl. 434, 108 P.

2d 117, 120, construing the New Mexico Statute; Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373.

3. "I charge you, Gentlemen, that the operator of an automobile in which there are guests is not liable for the occurrence of an accident until, and, unless those guests, or, some of them, protest against the manner of its operation.

"So that the first matter you will have to determine is whether any of the passengers, * * *, asked him to go slower, that he was going too fast, and whether he acceded to that request or not."

to appropriate instructions or issues. Mondshine v. Short, 5 Cir., 196 F.2d 606. Actually, the initial and overriding impression from the charge is that it was for simple negligence only. The most favorable construction [4] which could be put on it is that the court perhaps meant for it, as a whole, to cover the idea of gross negligence. Trained, as we are, in the meaning and significance of these terms of art, we can only surmise what the judge meant by them and whether he was attempting to satisfy the unique standards of the Guest Statute in such an oblique fashion. The jury's plight could have been no better. But anything so fundamental to the existence or non-existence of liability ought not, must not, be left to subtle indirection.

The erroneous approach reflected by the jury charge infused the whole trial. So much so, that we are unable to ascertain with any sureness just what the full evidence, tested by New Mexico standards, would or might establish on the fundamental questions of the status of the plaintiffs as "Guests" or "Non-Guest-Passengers" and, if under the Guest Statute, whether the conduct of the driver Eldridge met the statutory test of heedless or reckless disregard. These questions, those concerning the admissibility under Article 3716, Vernon's Civil Statutes of Texas of testimony concerning the nature and purpose of the trip, or the conduct and actions of Eldridge in operating the car, and all others, are left open, on a new trial, without an indication one way or the other as to what our holding is, or might be, for the consideration and determination by the trial court in the setting of a case fully developed on the appropriate concepts of liability.

Reversed and remanded for new trial.

---

4. Appellee urges that by the references to persistence of speed on the wrong side of the road in the following excerpts, the court actually submitted the theory of gross negligence: "Also, whether or not there was such negligence as resulted in the catastrophe, that is, a negligence persisted in after having been requested not to go so fast * * *.

"* * * Now, it is a fact question * * * for your determination, whether or not there was a continuity of fast driving, and on the wrong side of the road, which caused the collision, after the passenger protested * * *."

However, the term "negligence" was defined in the usual words, "a failure to use that degree of care which a person of ordinary prudence would use * * *," and its binding force on the theory of simple negligence only was highlighted by transitional phrases conditioning inquiry and determination of damages: e. g., "* * * If you find upon this question of negligence, then * * * [etc.] * * *. If you do not find any negligence such as I have described to you then you need not go to the question of damage * * *."