326 P.2d 1093

Evelyn POTTER, Plaintiff-Appellee,

v.

Melton WILSON, Defendant-Appellant.

No. 6370.

Supreme Court of New Mexico.

June 24, 1958.

Rehearing Denied July 7, 1958.

212

Hartley & Buzzard, Clovis, for appellant.

Smith & Smith, George M. Murphy, Clovis, for appellee.

LUJAN, Chief Justice.

The defendant below and appellant before this court complains of a judgment incorporating a jury verdict in the amount of $13,500 against him. The action was brought as an automobile guest case in which plaintiff alleged her injuries were due to the heedlessness of the appellant and his reckless disregard of her rights. Appellant insists the court below erred in refusing to direct a verdict for him in that the evidence was insufficient to support such heedlessness and "recklessness" as contemplated by § 64-24-1, N.M.S.A., 1953 Compilation and by the court's refusal to give certain requested instructions.

On March 17, 1957, the appellee, Evelyn Potter, had gone to Cannon Air Force base, located near Clovis, New Mexico, to meet Airman Simpkins. While on the base she accepted a ride in appellant's car. Appellant was driving with appellee sitting next to the door and Airman Simpkins sitting between her and the driver.

Appellant appears to have made a full stop on reaching a main thoroughfare described as "A" street, but made a left turn on said street with his tires squealing and continued to accelerate at a rapid rate of speed. There was testimony that he reached a speed of 70 miles per hour. A speed limit of 25 miles per hour had been set for the area.

Appellee testified that she was scared because appellant was driving too fast and that she asked Airman Simpkins to drive. Simpkins said that he told appellant to "slow it down" and later told appellant that he, Simpkins, would drive. Appellant responded that he would let Simpkins drive as soon as they got around the curve. Airman Stonstreet, sitting in the back seat, also said that he reminded appellant that he was driving too fast. Appellant didn't slow down but drove faster.

As appellant approached a curve in the road, Staff Sergeant Franklin Pushard with

his wife were riding in another car on the same road and saw appellant's car approaching. He said:

"As I came on the base I came through the gate and I had just passed that little Y where the other street branches off and was just about at the warehouse there on the right hand side, where they just began, and my wife was sitting beside me and I seen a car coming around the corner way down past the curve, you can see the curve, and it was back a little ways from it, and I saw the car coming pretty fast so I pulled over to the side, I got out of the way, it happened so quick that as I looked down there I could just see around the corner and see the car coming and it was off to one side into the gravel going real fast so I pulled to one side because I didn't want to be in his way if he got by me, but he never did get to me."

"Q. What did the vehicle strike? A. It hit the gravel and went sideways and hit the telephone pole and started rolling over and over."

There was evidence that appellant had been drinking and was under the influence of intoxicants at the time of accident.

The first question presented is whether the trial court erred in refusing to direct a verdict for the appellant. We do not think so. In Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373, 375, we said:

"* * * There is no claim of intentional injury here; absent that, it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; as indicated in State v. Clarkson, supra, there is a close alignment between the state of mind required by this statute and a state of mind sufficient to convict for involuntary manslaughter for a death resulting from the operation of an automobile. * *"

We are not unmindful that in Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006, we held that speed alone will not suffice to meet the test of the guest statute. But here the facts resemble those in Gomez v. Rodriguez, 62 N.M. 274, 308 P.2d 989, and we have much more than speed alone. We cannot say that appellant's racing down a street on a military base oblivious to the remonstrances of his passengers and at such an excessive and dangerous speed that other drivers pulled off the road to avoid him did not present a question for the jury as to whether there was an utter irresponsibility on the part of appellant, or of a conscious abandonment of any con-

sideration for the safety of his passengers. The evidence adduced is substantial to comprehend such a state of mind and the court did not err in refusing to direct a verdict for appellant.

Appellant next complains of the court's refusal to give the following instructions:

"You are further instructed that if you find that the plaintiff voluntarily rode in a car driven by the defendant who was under the influence of or affected by intoxicating liquor after plaintiff knew, or in the exercise of reasonable care should have known, the defendant's condition, and if you find that a person exercising reasonable care would not have done so, and plaintiff suffered injury as a proximate result of the condition of the defendant, you may find the plaintiff guilty of contributory negligence."

Appellant also requested an instruction on "assumption of risk" as follows:

"You are further instructed that if you believe from the evidence in this case that the driver of the car in which the plaintiff was riding was drinking any type of intoxicants, and that the plaintiff knew or had reason to know that he was drinking such intoxicants before the accident, the plaintiff assumed the risk of riding with the defendant, and assumed the risk of defendant's conduct; and if you so find from the facts, you shall find in favor of the defendant."

We need not decide as to whether the requested instructions state the correct rules of law. Appellant states that there is evidence in the record to show, *both*, that the appellant was intoxicated, and that the appellee knew that said appellant was under the influence of intoxicating liquor at the time she entered the automobile. It is true that there is evidence in the record, as pointed out by counsel, indicating that appellant was intoxicated, but counsel does not point to any evidence which shows that appellee knew that appellant was under the influence of liquor at the time she entered the automobile, and we are not directed to any place in the record where such evidence can be found. We held in Cross v. Ritch, 61 N.M. 175, 297 P.2d 319, 321, as follows:

" * * * The argument under point one refers to each of the assignments of error. In an attempt to support the assignments and the point, plaintiffs have written eleven pages of argument which deals almost entirely with facts alleged to be in the record, but not once in those pages is there a reference to the record. From plaintiffs' brief we have no way of finding out what the testimony was as to this point.

"This court has stated more than once that it is a court of review and will not search the record in an effort to find facts with which to overturn the

findings made by the lower court. * * * "

Where there is no evidence in the brief to support a point relied on for reversal, we can only assume that there is no such evidence in the record. Accordingly, we can only conclude that the evidence was insufficient to go to the jury on questions of "contributory negligence" and "assumption of risk" and the court did not err in refusing instructions on those questions.

The judgment is affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and SHILLINGLAW, JJ., concur.