337 P.2d 948

Trudy AMARO, Edna Amaro, a Minor, by Trudy Amaro, Her Father and Next Friend, and Kermit Nash, Administrator of the Estate of Beatrice Amaro, Deceased, Plaintiffs-Appellants,

v.

Elbert MOSS, Jr., and Sandra Lou Moss, Defendants-Appellees.

No. 6480.

Supreme Court of New Mexico.

April 6, 1959.

Edwards & Reese, Hobbs, Karl Cayton, Lamesa, Tex., for appellants.

L. George Schubert, Hobbs, for appellees.

McGHEE, Justice.

This action was brought to recover damages for the death of Beatrice Amaro and personal injuries to Edna Amaro resulting from an automobile collision allegedly caused by the reckless and heedless acts of the defendant, Sandra Lou Moss, and the negligence of the defendant, Thompson.

The verdict of the jury was for the plaintiff against the defendants Moss only. The trial court granted the defendant Moss' alternative motion for judgment notwithstanding the verdict and the plaintiff appeals.

The decisive question of this appeal is whether the evidence was sufficient to support a finding by the jury that the defendant, Moss, was guilty of wanton misconduct evidencing a heedless or reckless disregard of the rights and safety of others.

On January 26, 1957, the defendant, Sandra Lou Moss, left Lamesa, Texas, to

go to El Paso, Texas, to visit her husband, Elbert Moss, Jr., who was in the army and stationed at Ft. Bliss. She was driving an automobile owned by her husband and accompanying her were Beatrice Amaro, wife of plaintiff, Trudy Amaro, and Edna Amaro, age two, daughter of Beatrice and Trudy Amaro.

Upon reaching Hobbs, New Mexico, the party encountered heavy fog, and upon leaving there it was foggy and the road was icy. At a point approximately four and one-half miles west of Hobbs, the defendant attempted to pass the witness, Wiley, who was also traveling west at a speed of approximately 45 miles per hour. In addition to the icy condition of the highway the visibility in the fog was limited to 150 to 200 feet ahead. The defendant, Mrs. Moss, was driving at a speed estimated by Wiley at 55 to 60 miles an hour at the time she attempted to pass him. There was testimony that, based on the differential in the speeds of the two cars, it required approximately 1,000 to 1,200 feet of road for a car to pass starting from 75 to 100 feet back where Mrs. Moss began her move to pass the Wiley car. As the Moss car drew near or even with the rear of Wiley's car, the truck, with its parking lights turned on and driven by Thompson, coming from the opposite direction became visible in the fog. Both Thompson and Wiley drove partially off the road. When the defendant saw the truck she applied the brakes throwing her car into a spin on the ice and out of control. The car collided with the oncoming truck, killing Beatrice Amaro and causing severe injuries to Edna Amaro.

In answer to special interrogatories, the jury found that:

1. The truck driver was not negligent.

2. Beatrice Amaro was a guest in the Moss' car.

3. The defendant, Mrs. Moss, was guilty of wanton misconduct evidencing a heedless or reckless disregard of the rights and safety of others, which was a proximate cause of the collision, and assessed damages against her.

This latter finding is treated as a verdict by the parties insofar as the subsequent action concerned in the motion for judgment notwithstanding the verdict or new trial and subsequent pleadings.

The principal New Mexico case governing the right to judgment notwithstanding the verdict is Michelson v. House, 1950, 54 N.M. 197, 218 P.2d 861, 863, in which we stated:

"In the consideration of a motion for judgment non obstante veredicto, the evidence favorable to the successful parties together with the inferences that may reasonably be drawn therefrom are to be accepted as true. To grant the motion the court should be able to say that there is neither

evidence nor inference from which the jury could have arrived at its verdict. The author at 30 Am.Jur., Judgments, Section 57, states the rule: '* * * In determining whether to render a judgment non obstante veredicto, the court is not justified in trespassing on the province of a jury to be the judges of all questions of fact in the case, and the party favored by the verdict is entitled to have the testimony read in the light most advantageous to him, and to be given the benefit of every inference of fact fairly deducible therefrom.' "

■ Thus in considering the propriety of a motion non obstante veredicto, we must view the plaintiff's evidence in its most favorable aspect, indulging in all reasonable inferences to be drawn therefrom and disregarding all evidence and inferences to the contrary. Chandler v. Battenfield, 1951, 55 N.M. 361, 233 P.2d 1047; Miera v. George, 1951, 55 N.M. 535, 237 P.2d 102; Marr v. Nagel, 1955, 59 N.M. 21, 278 P.2d 561; Vickrey v. Dunivan, 1955, 59 N.M. 90, 279 P.2d 853.

Unless we are able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict we must reverse the cause and remand to the trial court.

Under the provisions of the New Mexico Guest Statute, §§ 64–24–1, N.M.S.A.1953,

a guest has no cause of action against his host in case of accident:

"* * * unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

In Carpenter v. Yates, 1954, 58 N.M. 513, 273, P.2d 373, 375, we said:

"* * * There is no claim of intentional injury here; absent that, it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; * * *."

■ The state of mind required to be shown under our guest statute is not different from that required to secure a conviction for involuntary manslaughter where a human is killed by an automobile. State v. Clarkson, 1954, 58 N.M. 56, 265 P.2d 670.

We have held that speed alone will not suffice to meet the test of the guest statute. Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006; Menkes v. Vance, 1953, 57 N. M. 456, 260 P.2d 368. Nor will speed ac-

companied by inadvertence be sufficient to sustain a recovery for heedless and reckless disregard of the rights and safety of others. See Fowler v. Franklin, 1954, 58 N.M. 254, 270 P.2d 389, where defendant ran a stop sign while exceeding the speed limit. In Carpenter v. Yates, supra, we held that evidence of speed and acts of mere negligence were insufficient to support a verdict for the plaintiff under the guest statute. There the defendant driving 75 miles an hour in an overloaded car, failed to appreciably slow down when partially blinded by the lights of an oncoming vehicle. However, the road was dry and the night clear, the passengers were apparently content and the collision occurred in the defendant's lane.

In the case at bar we have a fact pattern more like that in State v. Rice, 1954, 58 N.M. 205, 269 P.2d 751, where there was more than speed and mere negligence. Mrs. Moss was driving at a speed which was twice that testified as safe by the expert witness, Wimberly, a state patrolman who traveled the identical road from Hobbs immediately after the collision in answer to a call to go to the scene of the wreck. Furthermore, the road was icy and the fog was such that visibility was limited as heretofore stated to 150 to 200 feet which, according to the testimony, was far short of the distance necessary to pass a vehicle moving at the speed of the vehicle the defendant was attempting to pass. As above stated, when she saw the lights of the truck Mrs. Moss applied the brakes and her car went into a spin, out of control and collided with the truck.

■ We hold these facts, combined, are sufficient to support the jury's finding that the defendant was guilty of wanton misconduct evidencing a heedless or reckless disregard of the rights and safety of others and that the trial court erred in granting the motion of the defendants and entering judgment in their behalf.

In view of what has been said it is unnecessary to decide the other point made by the plaintiffs.

The judgment of the trial court will be reversed and the cause remanded for entry of judgment on the findings of the jury. The plaintiffs will also recover their costs.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

CARMODY, Justice (dissenting).

The statute here involved, § 64–24–1, N.M.S.A.1953, was passed by the New Mexico legislature in 1935. Since that time, it has been before this court on numerous occasions and I believe up until today it has been felt by all those who have studied the question that our decisions and

those of the highest court of Connecticut, our having adopted the statute from that state, required a showing of considerably more than mere negligence on the part of the driver. Even as late as June 1958, this court reaffirmed a prior holding that in order for a guest to recover, there must be some substantial evidence of a particular state of mind on the part of the driver; that this state of mind comprehends evidence of utter irresponsibility on the part of the defendant or of a conscious abandoment of any consideration for the safety of passengers. Potter v. Wilson, 1958, 64 N.M. 211, 326 P.2d 1093.

In Gomez v. Rodriguez, 1957, 62 N.M. 274, 308 P.2d 989, and in Potter v. Wilson, supra, we found that there was substantial evidence to comprehend this state of mind on the part of the driver. However, otherwise we have fairly consistently followed the decisions of the Connecticut Supreme Court, before the repeal of their statute, in such cases as Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006, and Carpenter v. Yates, 1954, 58 N.M. 513, 273 P.2d 373, to mention only two.

The effect of the instant decision goes a great deal further than we have ever gone before, and considerably further than I believe we should. Actually, this case is very similar to Gill v. Hayes, 1940, 188 Okl. 434, 108 P.2d 117, in which the Supreme Court of Oklahoma construed our New Mexico statute and held, in effect, that even though negligence was amply shown, it was not sufficient to show a willingness to inflict injury upon a guest and therefore denied relief to the plaintiff. The Oklahoma decision was quoted at some length and approved by us in Smith v. Meadows, supra.

In the present case there is obvious negligence, but no showing whatsoever of a state of irresponsibility of mind on the part of the driver. The majority opinion is a substantial departure from our prior rulings and will tend to confuse both courts and attorneys as to the actual meaning of the so-called guest statute.

If it is felt that the strict construction of the statute as interpreted by this court and others is not satisfactory, then it is a matter for the legislature and not for the court. The legislature has had before it on several occasons, including the session which has recently adjourned, proposals to amend the so-called guest statute. It has failed to take any action and the statute remains as originally passed. However, by the construction now placed upon it, the court has not only departed from precedents of long standing but has, in effect, legislated as well.

Feeling as I do, therefore, I dissent.