**PaR TRUCK LEASING INCORPORATED and Truck Insurance Exchange, a corporation, Plaintiffs-Appellants,**

v.

**BONANZA INCORPORATED, Defendant-Appellee.**

**No. 419–69.**

United States Court of Appeals, Tenth Circuit.

May 8, 1970.

Terry Shipley, Oklahoma City, Okl., for plaintiff-appellant PaR Truck Leasing Inc.

James D. Grigsby, Oklahoma City, Okl., for plaintiff-appellant Insurance Exchange.

Harry F. Featherly of Lamun, Mock, Featherly & Baer, Oklahoma City, Okl. (W. Samuel Dykeman of Morgan, Dykeman & Williamson, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

This is a diversity action in which the lessor of trucks, PaR, and its insurer and subrogee, Truck Insurance, sought to recover from the lessee, Bonanza, for physical damage occasioned to three of the leased trucks from collisions occurring during the period of the lease. The United States District Court for the Western District of Oklahoma entered judgment for Bonanza premised on several separate but equally dispositive in-

terpretations of the lease agreement. We find it necessary to consider but one of these bases.

 The subject lease, written by PaR, provided that PaR was to relieve Bonanza "from all liability for collision damages to the vehicles * * * in excess of $250.00 per vehicle per accident, provided such damages are not the result of any violation of any of the terms or conditions of the Agreement and are not the result of careless, reckless, or abusive handling of vehicles by [Bonanza's] drivers." Each of the three accidents involved separate highway collisions that occurred while the trucks were being driven by Bonanza employees. The details of each accident were presented to the trial court through depositions which appellants urge, the trial court so stated from the bench, and we agree, established a prima facie case of negligence on the part of the several Bonanza employees. The court below found and concluded, however, that the evidence did not establish fault beyond that of ordinary negligence and that the terms of the lease imposed liability on Bonanza only in the event of a higher degree of fault. Again, we agree, for to interpret the quoted lease provision otherwise would be to render it meaningless as expressing a contractual understanding.

As bailee of the leased vehicles, Bonanza, absent an agreement to the contrary, would not be liable for damage to the trucks occurring without fault. Restatement (Second) of Trusts § 5(g). To give any effect or meaning to the words "careless, reckless, or abusive handling" as a phrase directed to "liability" requires an interpretation that the parties intended a modification of liability from that which would exist absent the contractual expression. Just as the words "in excess of $250.00" are clearly words of limitation so, too, it is reasonable to interpret the proviso to be similar in intent. *See* Gill v. Hayes, 188 Okl. 434, 108 P.2d 117. The judgment of the trial court in this regard is strengthened by consideration of other evidence in the case particularly that pertaining to

PaR's insurance coverage with Truck Insurance. PaR was completely covered by collision insurance on its vehicles except for a deductible of $250.00 and used its insurance costs as one item of cost reflected in the per-mile rate for vehicles leased to Bonanza.

 An action in subrogation can be asserted by an insurance company such as the co-appellant that has paid a claim to its insured, based on the contractual obligations of a third party to the insured. But since the nature of such a claim is derivative, the rights of the insurance company can rise no higher than those of its insured. Commercial Union Fire Insurance Co. v. Kelly, 389 P.2d 641 (Okl.). Thus the trial court was correct when it found that in the absence of an actionable claim by PaR, any claimed right of subrogation by Truck Insurance Exchange must necessarily fail.

Affirmed.