273 P.2d 373

**CARPENTER et al. v. YATES et al.**

No. 5773.

Supreme Court of New Mexico.

Aug. 5, 1954.

Whatley & Oman, Las Cruces, for appellants.

J. D. Weir and L. J. Maveety, Las Cruces, for appellees.

SEYMOUR, Justice.

This is a guest case under § 68-1001, N.M.S.A.1941. Plaintiffs won a verdict of $6,661.40. Upon motion of defendants, the trial court entered judgment for them notwithstanding the verdicts, dismissing the complaint. From such action, plaintiffs appeal.

The minor plaintiff, seventeen years old, lived in Hatch, New Mexico. In the early evening of January 6, 1951, he and two friends drove to Deming. At a cafe there, these two boys met two other boys and two girls, one of the new boys being the defendant Albert Yates. At the suggestion of one of the girls, the group decided to go to a ranch near Columbus to pick up another boy. It was approximately midnight when they all got into a 1948 Ford club coupe, driven by defendant Albert Yates, and belonging to his brother. After getting gasoline, they proceeded south on the Deming-Columbus highway until they reached a point near Columbus, at which they left this road and went to a ranch where they got their friend out of bed; then they all returned toward Deming over the same road, in the same vehicle and

with the defendant Albert Yates still driving.

Defendant driver proceeded at a speed of approximately 75 mph both going and coming, except on the ranch road where a slower speed of 45 to 50 mph was maintained The total round trip from Deming was one of several hours. On the return trip there were four persons each in the front and back seats. Most of the passengers were either asleep or had their eyes closed, including the minor plaintiff who was in the rear seat. The radio was playing.

On the return trip, after reaching the paved road and about nineteen miles south of Deming, the accident happened. The night was clear and cold, the road dry; the surface was hard and eighteen feet in width, without a dividing center stripe; the highway was level and in open range country; there were shoulders on each side approximately three feet wide.

Defendant driver saw an approaching vehicle some miles away. The two cars sideswiped as they passed, as a result of which defendant's car rolled over from three to seven times, inflicting serious injuries upon the minor plaintiff. (The other vehicle came to rest without overturning.)

While there are of necessity minor conflicts in the evidence, the substantially admitted facts are: That both drivers were partially blinded by the lights of the other; that the other vehicle slowed its speed appreciably, while the most that the defendant driver did was to remove his foot from the accelerator; that the other southbound vehicle drifted over the "theoretical" center line of the highway so that the point of impact was on defendant's right side of the highway, i. e., in defendant-appellee's proper lane of travel; that the defendant driver realized the other vehicle was over the "center line" only a few instants before the impact; that the drivers of both cars may or may not have depressed their lights; that during the several hours of travel from Deming to the ranch and back to the point of the accident, there was no protest, comment or complaint by the minor plaintiff or any member of that party as to the speed or manner of operation of the car driven by defendant Albert Yates.

A spotlight on the car driven by this defendant was the subject of much trial controversy. For better understanding of this element and the case generally, the jury's verdicts and its response to a special interrogatory are quoted:

*Special Interrogatory*:

"Do you find from a preponderance of the evidence that the defendant, Albert Yates, immediately preceding and at the time of the accident, used or aimed the spot light which was mounted on the automobile he was driving

in such manner as to blind Charlie Ladd, the driver of the southbound Ford automobile?"

Answer: "No."

*Verdicts:*

"We the jury, find the issues in the second count of plaintiffs' complaint in favor of L. J. Carpenter, and against the defendants, Albert Yates, Paul N. Yates and Mrs. Paul N. Yates, and assess his damages at $1661.40."

"We the jury, find the issues in the first count of plaintiffs' complaint in favor of John Carpenter and against the defendants Albert Yates, Paul N. Yates, and Mrs. Paul N. Yates, and assess his damages as $5,000.00."

The motion granted by the trial court for judgment notwithstanding the verdicts was based upon two grounds: (1) That the answer to the interrogatory was inconsistent with the general verdicts; (2) that the verdicts were not supported by substantial evidence.

As to the first ground, the allegedly improper use of the spotlight was a factual question for determination by the jury. In our judgment the jury's answer to the interrogatory effectively eliminates the factor of the spotlight from consideration in determining the correctness of the trial court's ruling on the second ground of the motion; and from the record, counsel for both parties and the trial court seemed to have reached the same conclusion.

Appellants present only one point of law: That the trial court erred in its conclusion that there was no substantial evidence to support the verdicts of the jury under the standards established by the "guest statute," i. e., no substantial evidence that defendant Albert Yates intentionally caused such accident or that it was the result of his heedlessness or reckless disregard of the rights of others.

The quality of negligence required to establish liability under this act has been the subject of careful scrutiny by this Court in the following cases, and the controlling principles are stated as clearly as we are able to state them: Fowler v. Franklin, 1954, 58 N.M. 254, 270 P.2d 389; State v. Clarkson, 1954, 58 N.M. 56, 265 P.2d 670; Menkes v. Vance, 1953, 57 N.M. 456, 260 P.2d 368; Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006; Downing v. Dillard, 1951, 55 N.M. 267, 232 P.2d 140; and Stalcup v. Ruzic, 1947, 51 N.M. 377, 185 P.2d 298.

The conclusion of the trial court was reached with specific reference to these principles and our only problem is the correctness of that conclusion. Further, that conclusion was reached by the trial court upon the proper test of viewing the evidence in the light most favorable to plaintiffs and indulging on their behalf every legitimate inference therefrom.

Conceding, under Smith v. Meadows, supra, that speed alone will not suffice to meet

the test of the "guest" statute, appellants, to overcome this limitation, rely upon the overloading of the car in which eight people were riding, the narrow highway, the absence of a center line, the partial blindness of the defendant by reason of lights, and his failure to appreciably slacken his speed.

It is our conclusion that the trial court was correct in its ruling. There is no claim of intentional injury here; absent that, it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; as indicated in State v. Clarkson, supra, there is a close alignment between the state of mind required by this statute and a state of mind sufficient to convict for involuntary manslaughter for a death resulting from the operation of an automobile. In spite of the factors of negligence clearly present in this case, the particular items of negligence alone, when coupled with the apparent content and undisturbed peace of mind of the passengers, are not substantial evidence of the required state of mind or quality of negligence required by the "guest" statute. In evaluating the evidence in this case bearing upon the failure of the passengers to protest, its relevancy in this decision does not concern a defense of contributory negligence; its relevancy here, as in Smith v. Meadows, supra, is its bearing upon the attitude or mental state of the host-defendant.

Judgment is affirmed.

It is so ordered.

McGHEE, C. J., and COMPTON and LUJAN, JJ., concur.

SADLER, J., not participating.