387 P.2d 456

George C. VALENCIA, as Administrator of the Estate of Richard Appelgate, Deceased, Plaintiff-Appellant,

v.

Timothy STRAYER and Mary M. Strayer, Defendants-Appellees.

No. 7274.

Supreme Court of New Mexico.

Dec. 9, 1963.

R. F. Deacon Arledge, Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

CARMODY, Justice.

This is a guest statute case under § 64–24–1, N.M.S.A.1953, in which the trial court granted a directed verdict in favor of the defendant at the close of the plaintiff's case.

The defendant, Timothy Strayer, was driving his mother's car, with her consent, at about 5:00 A.M., on August 14, 1960, approximately two miles north of the town of Belen, New Mexico. Richard Appelgate was a passenger in the car and this suit is by the administrator of his estate. The two young men were returning to Albuquerque, having attended the "Belen Fiesta." The defendant Strayer had not been to bed. and admittedly had been drinking beer, as had his passenger, although the state police investigating officer testified that, after the accident, the defendant did not appear to be drunk or intoxicated. They were traveling on a four-lane divided highway, in a northerly direction. The north-bound section of the pavement is twenty-four feet in width and there is a ten-foot graveled shoulder on the right-hand side thereof. A car was parked on the shoulder and, alongside it, another automobile, which belonged to a special police officer of the town of Belen, was also parked. It was this latter car which was struck in the rear by the defendant. The lights of the car owned by the special officer were burning, and when those nearby saw the defendant's car approaching, at least one officer waived a flashlight to warn of the parked car. There was a definite controversy as to the exact location of the car which was struck, i. e., whether on the shoulder or on the paved portion of the highway. One of the wit-

nesses stated that it was completely off of the main-traveled portion of the road, but the state police officer indicated by his testimony that the car was at least partially on the paved part of the highway. Testimony as to speed of the defendant's car was not specific, the witnesses stating that the car was going either "too fast" or "very fast." The defendant's car, a Valiant Compact, struck the rear of the parked car and knocked it some seventy-five to eighty feet. The passenger, Richard Appelgate, was apparently instantly killed and the defendant driver sustained serious injuries.

The only question in this appeal is whether, based upon these facts, the trial court erred in directing a verdict for the defendants.

■ Appellant urges that a prima facie case was established, showing that the accident was caused by the driver's heedlessness or reckless disregard of the rights of others. There is no contention that the accident was intentional. No doubt, if appellant's burden were to show simple negligence, there is ample evidence in the record to justify such a conclusion. However, ordinary negligence alone is not sufficient. The quality of negligence necessary to establish liability under the statute is well stated in Carpenter v. Yates, 1954, 58 N.M. 513, 273 P.2d 373. There, we said:

"* * * There is no claim of intentional injury here; absent that, it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; as indicated in State v. Clarkson, supra [58 N.M. 56, 265 P.2d 670], there is a close alignment between the state of mind required by this statute and a state of mind sufficient to convict for involuntary manslaughter for a death resulting from the operation of an automobile. * * *"

The principles above stated have developed from a series of our cases which are cited in Carpenter, and have been followed subsequently by us in DeBlassie v. McCrory, 1956, 60 N.M. 490, 292 P.2d 786; Gomez v. Rodriguez, 1957, 62 N.M. 274, 308 P.2d 989; Potter v. Wilson, 1958, 64 N.M. 211, 326 P.2d 1093; Amaro v. Moss, 1959, 65 N.M. 373, 337 P.2d 948; Alford v. Drum, 1961, 68 N.M. 298, 361 P.2d 451. See also State v. Tracy, 1958, 64 N.M. 55, 323 P.2d 1096; and State v. Romero, 1961, 69 N.M. 187, 365 P.2d 58.

■ It is in the application of the principles to the specific facts of a particular

case that the difficulties arise, and, by the same token, makes completely distinguishable practically every other case. In the instant case, appellant relies on the testimony as to the lack of sleep of the driver; the fact that the car which was struck was parked on the shoulder; that the driver failed to heed the warning of the waving of the flashlight; the fact that the parked car had its taillights burning; that the car was going "too fast" or "very fast"; that there was evidence of drinking beer; that the driver made no apparent effort to turn his automobile, having ample room on the pavement to do so; and that the compact car driven by the defendant knocked the parked car some seventy-five or eighty feet.

It is apparent that these facts, taken in the light most favorable to the appellant, are matters from which it might be determined that the driver was negligent. However, it is also apparent from the mere stating of these particular items that there is no substantial evidence of the required state of mind or the quality of negligence required by the guest statute.

█ With respect to the evidence of beer consumption, we would observe that the evidence does not show that the driver was intoxicated, nor can we speculate that he was intoxicated because of the proof that he refused to allow a blood test to be taken upon the advice of counsel. The fact that the driver had not been to bed the previous night does not justify an inference that he fell asleep and, even if he did, could not be considered as sufficient evidence of the required state of mind to bring about an exception to the statute in view of our ruling in DeBlassie v. McCrory, supra. The appellant's evidence that the driver was going "too fast" or "very fast" is not evidence that the defendant was violating the law when he was proceeding on an open highway where the allowed speed was at least sixty miles an hour, and, of course, it is to be observed that speed alone, even if proven, will not suffice to overcome the guest statute. Smith v. Meadows, 1952, 56 N.M. 242, 242 P.2d 1006.

Appellant relies heavily on State v. Romero, supra, and urges that the facts in the Romero case are very close to those proven here. We do not agree. Without attempting to distinguish the facts in Romero in detail, it is to be observed that there the accident occurred on a city street in Albuquerque, that the defendant was driving at a speed of between sixty and eighty miles an hour in a 35-mile zone, and there was definite evidence of his being under the influence of intoxicating liquor.

Having carefully examined the record, we do not believe that the various items of proof relied upon, even when considered cumulatively, disclosed that particular state

of mind of utter irresponsibility or conscious abandonment of any consideration for the safety of passengers as is required under our statute. In our view, the evidence disclosed nothing more than ordinary negligence, and, as was said in Ascher v. H. E. Friedman, Inc., 1929, 110 Conn. 1, 147 A. 263. " * * * Conduct arising from momentary thoughtlessness, inadvertence, or from an error of judgment, does not indicate a reckless disregard of the rights of others. * * * " (The above cited case was decided by the Supreme Court of Connecticut prior to the time that the New Mexico legislature passed the statute under consideration, which adopted the Connecticut statute existing at the time but which has since been repealed.)

Appellant seeks to rely also on cases from other jurisdictions which seem to have arrived at a different result than we do under our decisions. We find these cases either not in point or we decline to follow them, being satisfied to rely upon the prior opinions of this court.

It is our considered judgment that the action of the trial court in directing a verdict in favor of the defendant was proper, and the judgment is affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.