ARTHUR TRECO, et al., Plaintiffs, v. CHARLES BOSICK, JR., by his next friend, Charles Bosick, Sr., CHARLES BOSICK, SR., and RALPH WALSH, Defendants and Third-Party Plaintiffs, v. J. EDWARD KRANTZ and JEAN C. KRANTZ, Third-Party Defendants.

(*March* 25, 1964.)

STIFTEL, J., sitting.

*Januar D. Bove, Jr.,* and *Harold Shaffer* (of Connolly, Bove and Lodge) for plaintiffs.

*Warren B. Burt* (of Prickett and Prickett) for Third-Party Plaintiffs, Charles Bosick, Jr., and Charles Bosick, Sr.

*Raymond L. Becker* and *James F. Kipp* for Third-Party Defendants.

*William F. Taylor* (of Morford, Young and Conaway) for Ralph Walsh.

Superior Court for New Castle County, No. 240, Civil Action, 1963.

STIFTEL, Judge.

In this Guest Statute case, on motion for summary judgment, third-party defendants contend that third-party defendant driver's conduct was not wanton as a matter of law.

On the night of March 20, 1963, Jean C. Krantz was operating an automobile, in which plaintiffs Gloria Treco and her minor son, Brian Treco, were passengers, proceeding in a southerly direction on Washington Street, when it collided with the rear portion of the automobile operated by Charles Bosick, Jr., age 16, who had come

through a stop sign at approximately 33 miles an hour while proceeding in a westerly direction on 31st Street. Before the accident, Charles Bosick, Jr., had been having difficulty with his automobile and had received assistance from Ralph Walsh, who had used his own automobile to push Bosick, Jr.'s car along 31st Street toward Washington Street and had ceased doing so shortly before the Bosick car had reached Washington Street. The passengers in the Krantz vehicle brought suit against Charles Bosick, Jr., and his father, Charles Bosick, Sr., and Ralph Walsh, alleging negligence. Whereupon, these defendants filed a third-party action against Jean C. Krantz, the driver, and her husband, J. Edward Krantz, seeking contribution from them as joint tortfeasors in the event an unfavorable judgment is returned against them. The Krantzes, as third-party defendants, moved for summary judgment, asserting that there was no evidence in the record of wanton misconduct by Mrs. Krantz as a matter of law. All parties agree the Guest Statute is applicable.

The only issue raised by this motion is the conduct of Mrs. Krantz in the operation of her automobile.

Following are the facts construed most liberally in favor of the third-party plaintiffs: On nearing the intersection, Mrs. Krantz looked to her left and saw a car some distance from the intersection approaching the stop sign. She assumed that the car would come to a stop at the stop sign and thought it was slowing down. However, the depositions of Walsh and Bosick, Jr., indicate that the Bosick car was traveling between 28 and 35 miles per hour when it was being pushed toward Washington Street, creating the inference that Mrs. Krantz must have seen the Bosick car approaching the intersection at a high rate of speed and should have taken proper remedial action to avoid the collision although she had the right-of-way. Mrs. Krantz

did not look to the left on 31st Street again but proceeded forward at a speed of approximately 25 miles per hour, the legal limit. She did not see the Bosick car crossing the northbound lane of Washington Street before the collision, nor did she effectively see it at all before the collision. When she was approximately 8 to 10 feet, or about one-half a car length, from the Bosick car, she explained that "it was right there in front of [her]", as if "something came out of the blue * * *. It was a mass. It wasn't recognizable to me as a car". She further explained that she did not see the car in sufficient time to enable her to even identify it as a car from her headlights and she never really saw its headlights before the collision. Mrs. Krantz had no recollection of blowing her horn, putting on her brakes, or trying to swerve, although there is evidence that the Krantz car did lay down skid marks less than the length of a car before the collision. After the impact, the Krantz vehicle careened to the left and overturned. The Bosick vehicle bounced off a telephone pole and hit a car parked on 31st Street.

Mr. Walsh testified that it did not appear to him that the Krantz vehicle slowed down before the collision and it looked to him as if her car swerved into the rear of the Bosick car when it had almost cleared Washington Street.

The third-party plaintiffs claim that the evidence of nearly total lack of lookout, extreme lack of control, and failure to take steps to avoid the accident, such as slowing down or blowing the horn and the speed under the circumstances, created a composite which constitutes an issue of wanton misconduct for the jury.

The quality of conduct essential to establish liability under the Guest Statute has been stated in *Law v. Gallegher*, 9 W.W.Harr. 189, 197 A. 479, 482:

"Wanton conduct * * * may be said to be such con-

duct as exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to such other is not intended."
And, in *McHugh v. Brown*, 11 Terry 154, 125 A.2d 583, 586, the Delaware Supreme Court defined "conscious indifference" to mean a foolhardy "I-don't-care-a-bit-what-happens" attitude. See, also, *Wagner v. Shanks*, Del., 194 A.2d 701, 706, 707.

I do not believe that the various items of proof relied upon, even when considered cumulatively, disclose any particular state of mind of irresponsibility or conscious abandonment of consideration for the safety of the passengers, as is required under our statute. In my view, the evidence discloses nothing more than an issue of ordinary negligence. At best, the third-party defendant driver's conduct evidenced momentary thoughtlessness, inadvertence or error of judgment, but did not indicate a reckless disregard of the safety of her passengers. See *Valencia v. Strayer*, 73 N.M. 252, 387 P.2d 456, 458; *Ascher v. H. E. Friedman, Inc.*, 110 Conn. 1, 147 A. 263, 264.

On this record, I must conclude that the third-party plaintiffs are not entitled to have the issue of wanton conduct submitted to a jury and, therefore, grant summary judgment in favor of the third-party defendants.