413 P.2d 475

Luverne **WAHLIN**, Plaintiff-Appellant,

v.

Keith **SHELBY**, Defendant-Appellee.

No. 7724.

Supreme Court of New Mexico.

April 18, 1966.

Palmer & Frost, Farmington, for appellant.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellee.

MOISE, Justice.

We are here called upon to decide if the trial court correctly directed a verdict for defendant at the close of plaintiff's case. Involved is a claim for damages by a guest growing out of an automobile accident wherein plaintiff was a guest in the car owned and operated by defendant.

■ We must determine if the proof presented by plaintiff when viewed in its aspect most favorable to plaintiff, with all unfavorable testimony and adverse inferences disregarded, would have supported a jury verdict in plaintiff's favor. If it would have, the court erred in directing a verdict. If not, the ruling was correct. Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289; Smith v. Ferguson Trucking Company, 58 N.M. 779, 276 P.2d 911; Ferris v. Thomas Drilling Company, 62 N.M. 283, 309 P.2d 225.

The plaintiff, together with two of his brothers, went to San Juan County from Florida to lay brick for a baffle wall in large boilers being constructed near Fruitland. To assist them in their work, they hired defendant. Plaintiffs stayed at a hotel in Farmington and defendant lived in Farmington. On Friday afternoon, September 14, 1962, plaintiff was riding with defendant in his car, about 4:30 p. m., going from the work site to a place in town where they were to meet the other two brothers, and defendant was to receive his salary.

The two brothers left the job first. Defendant followed, driving his 1955 Chevrolet, with plaintiff sitting to his right in the front seat. The road was dirt, with loose gravel on it, and with rocks, chuck holes and two ruts estimated to be possibly five inches deep. Just before reaching the curve, described as "sharp," where the accident occurred, the road went up an incline. There was a sign indicating the curve and also a sign stating the speed limit to be 45 miles per hour, although defendant testified he thought it said 15 miles per hour. Defendant passed the car with the two brothers which was traveling about 45 miles per hour and continued to the curve at a speed estimated by defendant at 65 to 70 miles per hour, or even more. He did not slow down upon reaching the curve, but possibly increased his speed a couple of miles per hour. The car "fish-tailed" and turned over four to eight times and plaintiff was injured. Defendant knew the road, having driven it every day for about a week and a half.

■■ Plaintiff was a guest in defendant's car, and can recover under our guest statute (§ 64–24–1, N.M.S.A.1953) only if the accident was intentional on the part of defendant, which is not contended, or if it was caused by defendant's heedlessness or reckless disregard of plaintiff's rights. Accordingly, our problem is one of determining if defendant's conduct as set out in the statement of facts above, made out a

prima facie showing of heedlessness or reckless conduct.

Over the years, since our adoption of the guest statute in 1935, this court has had occasion to consider its application in a number of cases involving a variety of factual situations. All of these cases were reviewed and analyzed in detail in the recent case of Garrett v. Howden, 73 N.M. 307, 387 P.2d 874. It would serve no useful purpose to reexamine them. In Garrett we stated that our cases did not disclose a "fixed pattern which has been followed with any definite consistency," because "each case involves special fact situations and must therefore be governed by what is thought to be proper or improper to the minds of reasonable men." As in Garrett, also, we must be mindful that the trial judge "had the advantage of seeing and hearing the witnesses" whereas we have only the typed record.

In Garrett we took note that in Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006, we had held that proof of speed alone is not sufficient to make a prima facie showing of heedlessness and reckless disregard of rights. Keeping in mind that questions of recklessness and heedlessness, as is true of simple negligence or contributory negligence, ordinarily present a jury question, Lester v. Atchison, Topeka and Santa Fe Railway (C.A.10, 1960) 275 F.2d 42, 85 A.L.R.2d 262; Rest., Torts (2d), §

501, we must examine the proof here to see if reasonable minds could differ on the question of whether defendant's conduct was of such character as could be classified by reasonable men as heedlessness or reckless disregard of plaintiff's rights.

What do the terms "heedlessness" and "reckless disregard of the rights of others" mean as used in our guest statute? We quote the following, which we consider pertinent, from Carpenter v. Yates, 58 N.M. 513, 517, 273 P.2d 373, 375:

"* * * [A]bsent that (claim of intentional injury), it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; as indicated in State v. Clarkson, supra [58 N.M. 56, 265 P.2d 670], there is a close alignment between the state of mind required by this statute and a state of mind sufficient to convict for involuntary manslaughter for a death resulting from the operation of an automobile. In spite of the factors of negligence clearly present in this case, the particular items of negligence alone, when coupled with the apparent content and undisturbed peace of mind of the passengers, are not

substantial evidence of the required state of mind or quality of negligence required by the 'guest' statute. In evaluating the evidence in this case bearing upon the failure of the passengers to protest, its relevancy in this decision does not concern a defense of contributory negligence; its relevancy here, as in Smith v. Meadows, supra, is its bearing upon the attitude or mental state of the host-defendant."

Other definitions might be supplied, but we doubt that to do so would be helpful. See Rest., Torts (2d), § 500; Tighe v. Diamond, 149 Ohio St. 520, 80 N.E.2d 122; Baines v. Collins, 310 Mass. 523, 38 N.E.2d 626, 138 A.L.R. 1123; Fanstiel v. Wright, 122 Colo. 451, 222 P.2d 1001.

Without recapitulating the facts, when we consider them in the light of the language quoted from Carpenter v. Yates, supra, we are impressed that this is not a case where reasonable men could differ that the conduct of defendant was not of the character described as being heedless or in reckless disregard of the rights of plaintiff. We come to this conclusion on the basis of the evidence in the record before us.

We conclude that the record is free of reversible error, and that the judgment should be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.