431 P.2d 735

Dorothy McGUIRE, Administratrix of the Estate of Joe Dixon McGuire, Deceased, Plaintiff-Appellant,

v.

Guy Paul PEARSON, Defendant-Appellee.

No. 8388.

Supreme Court of New Mexico.

Sept. 11, 1967.

Bigbee & Byrd, Jere C. Corlett, Santa Fe, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Dale W. Ek, Albuquerque, for appellee.

OPINION

STANLEY, District Judge.

This suit was brought by the plaintiff, administratrix of the estate of her deceased son, to recover damages for his death as a result of a one-car automobile accident in Albuquerque, New Mexico, the deceased being a passenger in a car driven by the defendant. Upon conclusion of plaintiff's case before a jury, the district court directed a verdict for the defendant upon the grounds that there was insuffi-

cient evidence under the Guest Statute to submit the case to the jury. The plaintiff appeals.

We must determine if the proof presented by plaintiff when viewed in its aspect most favorable to plaintiff, with all unfavorable testimony and adverse inferences disregarded, would have supported a jury verdict in plaintiff's favor. If it would have, the court erred in directing a verdict. If not, the ruling was correct. Wahlin v. Shelby, 76 N.M. 196, 413 P.2d 475 (1966).

The decedent and the defendant were friends, both attending the University of New Mexico at Albuquerque. On the afternoon of September 25, 1964, the defendant had several beers. At approximately 8:00 P.M. the deceased and the defendant proceeded to several night clubs in Albuquerque and defendant had 4½ beers and one mixed drink. Decedent and the defendant left the "Far West Club" shortly after 1:00 A.M., on September 26, 1964, and proceeded in an easterly direction on U. S. Highway 66. The "Far West Club" was at the extreme western edge of the posted city limits of Albuquerque and in a fifty-mile-per-hour zone. The highway in question was a straight, four-lane portion of Highway 66, and was familiar to the defendant. It was in an outlying part of the city; there were few businesses in the one-mile area, and no street lights. The defendant announced that he needed to "blow out" his automobile and proceeded to drive ninety miles per hour. Approximately one mile east of the "Far West Club," the defendant approached two cars traveling on the right-hand lane of the eastbound two lanes of traffic on U. S. Highway 66 and proceeded to pass the two cars going at a speed of approximately eighty to eighty-five miles per hour. Defendant turned into the right lane after passing the first car and immediately swerved to the left to pass the second car. At the moment, or just after passing the second car, the defendant's car struck the median, causing the car to roll,

throwing the decedent out of the car, resulting in his immediate death.

The defendant testified that he was "happy tight," meaning he was talking, laughing and joking, but that his driving ability was not impaired. There is no other evidence concerning the degree of intoxication, if any.

Immediately after the accident, defendant told one of the witnesses that the deceased had stated, "Look out, there is a car in front of you." No other statements, warnings or complaints were made by the decedent. The only known traffic prior to the accident were the two cars defendant was passing.

Section 64–21–1, N.M.S.A.1953 Comp., in essence provides that a guest cannot recover unless the accident shall be intentional on the part of the owner-driver or caused by his heedlessness or his reckless disregard of the rights of others. No contention has been made that the accident in question was intentional.

This court has consistently held that speed alone is not sufficient to meet the requirements of our guest statute. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006 (1952); Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373 (1954); Amaro v. Moss, 65 N.M. 373, 337 P.2d 948 (1959); Alford v. Drum, 68 N.M. 298, 361 P.2d 451 (1961).

Evidence of utter irresponsibility on the part of the host or of a conscious abandonment of any consideration for the safety of his passengers not unlike that state of mind sufficient to convict for involuntary manslaughter for death resulting from operation of an automobile is required for recovery under the guest statute. Carpenter v. Yates, supra; State v. Clarkson, 58 N.M. 56, 265 P.2d 670 (1954).

In order to recover under the guest statute in the absence of a claim of intentional injury there must be some substantial evidence of a particular state of mind upon the part of the defendant-driver. That particular state of mind comprehends evidence of an utter irresponsibility

on the part of the defendant or of a conscious abandonment of any consideration for the safety of passengers. Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456 (1963).

Consideration must be given to the ruling made by the trial court, because he had the advantage of seeing and hearing the witnesses as distinguished from the appellate court having only the typewritten record upon which to rely. Garrett v. Howden, 73 N.M. 307, 387 P.2d 874 (1963).

Unquestionably, the evidence in this case would warrant a finding of negligence. It is apparent from the facts, taken in the light most favorable to the plaintiff, there is no substantial evidence of the required state of mind or the heedlessness or reckless disregard for the safety of others required by our guest statute.

The judgment is affirmed. It is so ordered.

NOBLE and CARMODY, JJ., concur.