432 P.2d 847

Barbara SIMON, Plaintiff-Appellant,

v.

Harvey Joe WILSON, Defendant-Appellee.
No. 60.

Court of Appeals of New Mexico.

Oct. 6, 1967.

William W. Deaton, Jr., Smith & Ransom, Albuquerque, for appellant.

Jackson G. Akin, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee.

## OPINION

OMAN, Judge.

This cause is here on appeal from a summary judgment entered in favor of defendant.

The suit arises out of a collision, which occurred in Albuquerque at approximately 3:50 A.M. on September 3, 1966, between defendant's automobile and the west end of the railing or abutment of the Central Avenue bridge across the Rio Grande.

Plaintiff was a guest in defendant's automobile.

They resided in the same apartment building, had visited with each other in their respective apartments, and she had ridden with him in his automobile on two occasions prior to the evening and early morning hours preceding the accident.

At approximately 8:30 P.M. on September 2, 1966, defendant went to plaintiff's apartment. Approximately one hour later a third person arrived. They visited and played records until approximately 11:30 P.M. Between the hours of 8:30 P.M. and 11:30 P.M. the plaintiff and defendant each drank two beers and one small jigger of scotch in water. The third person apparently drank the same amount of beer and scotch.

At about 11:30 P.M. the three of them decided to drive some place and eat. They proceeded east on Central Avenue in defendant's automobile to a night club. There were very few patrons at the club, so they each drank one beer and left. They drove west on Central Avenue to the Pancake House near the Rio Grande, where they stopped and ate breakfast. Defendant ate sausage and eggs and drank coffee.

After finishing their breakfast, they drove on west to a viewpoint on the hills approximately four or five miles west of the city. They stayed at this point between fifteen and thirty minutes, viewing the city and talking. They then proceeded back toward the city and home.

Defendant stopped the automobile in response to a traffic light about 2½ blocks from the bridge. He then continued on at a speed of about fifteen to twenty miles per hour. He says he felt fine, and plaintiff testified that at all times he appeared "perfectly normal and sober." Shortly before they reached the bridge plaintiff turned to her right to converse with the third person. Defendant remembers driving along at the stated speed until about twenty feet from the bridge. Neither party is able to state what happened in those twenty feet. The automobile collided with the bridge abutment, and plaintiff was rather seriously injured.

Defendant was a Transmitter Engineer for a television station, and during the nine years preceding the accident his work required that he be on duty and go without sleep for long periods of time. On the Sunday preceding the accident he had gone to work at the transmitter station located on the crest of the Sandia Mountains. He remained there on duty until Wednesday, when he returned home. Then he returned to the station on Thursday afternoon and arrived back home at about 6:00 A.M. on Friday. From Thursday until the time of the accident early Saturday morning, he had only two or three hours of sleep, and he had not eaten on Friday.

He is unable to account for the accident, unless he went to sleep immediately before the collision. He was cited for either reckless or careless driving by the Albuquerque City Police, and he pleaded guilty and paid a fine.

He had gone without sleep for a longer period of time on at least one occasion. He had often driven automobiles after having been without sleep for long periods of time, and he had never gone to sleep while driving. As above stated, he says he was feeling fine as he drove down the hill and approached the bridge.

Plaintiff testified that he was driving in a normal manner, at a reasonable speed, and at all times appeared "perfectly normal and sober."

The sole question to be decided is whether or not the pleadings and depositions of the parties, which were considered by the trial court in ruling on the motion for summary judgment, present a genuine issue of fact as to whether the accident was caused by defendant's heedless or reckless disregard of the rights of his guests, and particularly of the rights of plaintiff, as provided by § 64–24–1, N.M.S.A.1953 (Repl.1960), commonly referred to as our Guest Statute.

We are mindful of the fact that a summary judgment can properly be entered

only when it is determined that the movant is entitled to a judgment as a matter of law. Ute Park Summer Homes Ass'n. v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967); Hubbard v. Mathis, 72 N.M. 270, 383 P.2d 240 (1963). In making this determination, the pleadings, depositions and other matters presented and considered by the court must be viewed in the most favorable aspect they will bear, including all reasonable inferences deducible therefrom, in support of the right to trial on the issues. Ute Park Summer Homes Ass'n. v. Maxwell Land Grant Co., supra; Jones v. Gibberd, 77 N.M. 222, 421 P.2d 436 (1966); Hubbard v. Mathis, supra.

However, the Supreme Court of New Mexico, in construing the language of our Guest Statute, has repeatedly held that to constitute a heedless and reckless disregard of the rights of others there must be some substantial evidence of a particular state of mind on the part of defendant which evinces an utter irresponsibility or conscious abandonment of any consideration for the safety of his passengers. McGuire v. Pearson, 78 N.M. 357, 431 P.2d 735, issued September 11, 1967; Wahlin v. Shelby, 76 N.M. 196, 413 P.2d 475 (1966); Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456 (1963); Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373 (1954).

Here the acts or conduct of defendant, relied upon by plaintiff to establish a heedless and reckless disregard of consequences on his part, are his driving when:

(1) He had had very little sleep for a long period of time.

A like condition of the driver existed in Valencia v. Strayer, supra, and DeBlassie v. McCrory, 60 N.M. 490, 292 P.2d 786 (1956). As stated in the Valencia case:

"* * * The fact that the driver had not been to bed the previous night does not justify an inference that he fell asleep and, even if he did, could not be considered as sufficient evidence of the required state of mind to bring about an exception to the statute in view of our ruling in DeBlassie v. McCrory, supra. * * *"

(2) He had consumed three beers and one small jigger of scotch during the approximately seven-hour period immediately prior to the accident, without having eaten during the entire preceding day.

All but one of these beers had been consumed at least four hours prior to the accident, and the last beer was consumed a considerable time before the accident and prior to driving from the east side to the west side of the city for breakfast. There is nothing in the record to evidence any degree of intoxication on the part of the defendant. In fact, the testimony of both plaintiff and defendant negatives any suggestion of intoxication. Compare McGuire v. Pearson, supra; Valencia v. Strayer, supra; Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006 (1952).

Defendant's lack of sleep and food, and his drinking of the beer and scotch, coupled with the fact that he has no recollection of what transpired while the vehicle travelled the last twenty feet before colliding with the abutment, which computation shows consumed no more than a second of time, fail to raise any question of fact as to the requisite state of mind on his part necessary to subject him to liability under the Guest Statute.

The summary judgment is affirmed. It is so ordered.

SPIESS and WOOD, JJ., concur.