450 P.2d 627

De Witt FORSYTH, as Administrator with Will Annexed of Grace Belle Davis, Deceased, Plaintiff-Appellee,

v.

Laura Millicent JOSEPH and John Diaz Villa, Defendants-Appellants.

No. 220.

Court of Appeals of New Mexico.

Dec. 31, 1968.

Leslie D. Ringer, Charles S. Solomon, Neil C. Stillinger, Santa Fe, for defendants-appellants.

Ernest E. Valdez, Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

This is a suit for the alleged wrongful death of plaintiff's decedent, and it arises out of a collision of motor vehicles belonging to and being driven by the defendants. Defendants have taken separate appeals from a joint and several judgment entered against them.

Decedent was a guest in defendant Joseph's automobile, and this defendant's culpability is to be determined under our Guest Statute, § 64–24–1, N.M.S.A.1953. The culpability of defendant Villa arises from claimed negligence on his part in the operation of his vehicle. Compare Down-ing v. Dillard, 55 N.M. 267, 232 P.2d 140 (1951).

We shall first dispose of Mrs. Joseph's appeal. She and decedent were acquaintances. On the morning of March 10, 1965, they were driving to Albuquerque from their homes in Santa Fe. Mrs. Joseph was driving and they were proceeding south on U.S. Highway 85. This is a divided highway consisting of a two-lane roadway for southbound traffic and a two-lane roadway for northbound traffic.

As they approached the intersection with the airport highway, which enters Highway 85 from the west, Mrs. Joseph noticed an approaching truck on the airport highway. She slowed almost to a stop, and made sure the truck had stopped before she proceeded through the intersection ahead of it. She then proceeded slowly for a short distance to a point where the "Rodeo Road" intersects Highway 85 from the east. She turned east off the southbound lanes of Highway 85 to reach a service station situate to the east of the northbound lanes of Highway 85.

The trial court found that the windshield on her automobile was dirty, her ability to see through it was thus impeded, and she was going to the service station to get the windshield cleaned. The witness who testified as to the dirty condition of the windshield, and to the fact that Mrs. Joseph told him after the accident that this was her purpose in going to the service station, described the condition of the windshield as such that it would not "impede vision proceeding in a normal manner away from the sun, but turning into the sun, it would cause a glare and * * * would be a considerable problem."

There was nothing to obstruct Mrs. Joseph's view of the northbound lanes immediately before she turned to the east from the southbound lanes, but she failed to see, approaching from the south on the northbound lanes, the one-ton truck owned and operated by defendant Villa, and two automobiles.

It was approximately 7:50 a.m., and as she turned toward the east and the service station she was completely blinded by the rising sun. She travelled across the median, which was 76 feet wide, and approximately 15 feet onto the northbound lanes before colliding with the Villa truck. The court made no finding as to her speed as she crossed the median and proceeded onto the northbound lanes of traffic, but the evidence is that she was travelling at a speed of ten to twenty miles per hour.

Mrs. Joseph at no time saw the truck before the collision, but, just at the moment of impact, decedent grabbed her arm and said "look out."

Although she was unable to see the northbound lanes of the highway because of being blinded by the sun, she knew these lanes were there, that they carried "normally heavy" traffic, and that she was proceeding toward them. She made no effort to stop before the collision.

On the basis of these facts, the trial court found and concluded that her conduct constituted heedlessness and a reckless disregard of the rights of decedent, within the meaning of these terms as used in our Guest Statute. The question is whether the evidence supports the finding and conclusion.

■ Our Guest Statute has been interpreted on many occasions and applied to many different factual situations. On the basis of the facts, it is difficult to reconcile the results in all cases. However, the words "heedlessness or a reckless disregard of the rights of others," have a rather well-defined meaning under our Guest Statute. This meaning contemplates something other than and different from negligence, and contemplates culpability arising from conduct which is motivated by a particular state of mind. This particular state of mind is one of utter irresponsibility or conscious abandonment of any consideration for the safety of guest passengers. McGuire v. Pearson, 78 N.M. 357, 431 P.2d 735 (1967); Hunt v. Dheel, 77 N.M. 540, 425 P.2d 49 (1967); Wahlin v. Shelby, 76 N.M. 196, 413 P.2d 475 (1966); Simon v. Wilson, 78 N.M. 491, 432 P.2d 847 (Ct. App.1967).

The interpretation, most frequently quoted in cases involving our Guest Statute, was first announced in Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373 (1954), and is as follows:

"* * * There is no claim of intentional injury here; absent that, it is our understanding of the principles already enunciated by this Court that there must be some substantial evidence of a particular state of mind upon the part of the defendant driver. That particular state of mind comprehends evidence of an utter irresponsibility on the part of defendant or of a conscious abandonment of any consideration for the safety of passengers; as indicated in State v. Clarkson, supra, [58 N.M. 56, 265 P.2d 670 (1954)], there is a close alignment between the state of mind required by this statute and a state of mind sufficient to convict for involuntary manslaughter for a death resulting from the operation of an automobile. In spite of the factors of negligence clearly present in this case, the particular items of negligence alone, when coupled with the apparent content and undisturbed peace of mind of the passengers, are not substantial evidence of the required state of mind or quality of negligence required by the 'guest' statute. In evaluating the evidence in this case bearing upon the failure of the passengers to protest, its relevancy in this decision does not concern a defense of contributory negligence; its relevancy here, as in Smith v. Meadows, supra, [56 N.M. 242, 242 P.2d 1006 (1952)], is its bearing upon the attitude or mental state of the host-defendant."

This language from Carpenter v. Yates, supra, has been quoted in whole, or in part, and with approval, in Hunt v. Dheel, supra; Wahlin v. Shelby, supra; Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456 (1963); Potter v. Wilson, 64 N.M. 211, 326 P.2d 1093 (1958); Gomez v. Rodriguez, 62 N.M. 274, 308 P.2d 989 (1957); DeBlassie v.

McCrory, 60 N.M. 490, 292 P.2d 786 (1956). It has been cited with approval in several other cases, including McGuire v. Pearson, supra, and Simon v. Wilson, supra.

The care which Mrs. Joseph exercised upon seeing the approaching truck on the airport highway; the slowness of her speed in making her turn and in proceeding toward the service station; her purpose in going to the service station to have her windshield cleaned; her failure to see, and, thus, her unawareness of the approaching vehicles; all indicate a mental state contrary to that of utter irresponsibility or a conscious abandonment of any consideration for the safety of her passenger. The fact that the passenger at no time protested or said anything to alert Mrs. Joseph to any possible danger, until the moment of impact, is also relevant upon her mental state. Carpenter v. Yates, supra.

■ Her negligence in failing to see the three approaching vehicles, and in proceeding, at a speed of some ten to twenty miles per hour, toward and partially across a heavily travelled highway, for a total distance of about 90 feet, while completely blinded by the rising sun, is not, under the circumstances, sufficient to evidence a state of mind evincing utter irresponsibility or conscious abandonment of any consideration for the safety of her guest.

We now turn to defendant Villa's appeal. He attacks several of the court's findings and conclusions to the effect that he was negligent, that his negligence was a proximate cause of the death of plaintiff's decedent, and that decedent was not guilty of contributory negligence. He also attacks the court's failure to make contrary findings and conclusions as requested by him.

■■ Findings which are supported by substantial evidence are not disturbed on appeal. In determining whether findings are so supported, the evidence is viewed in its most favorable light in support thereof, and only that evidence and the reasonable inferences to be drawn therefrom, which lend such support, are considered. Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct. App.1967).

By his first two points relied upon for reversal, Villa attacks the court's finding that he was negligent in operating his truck with defective brakes, when he knew or should have known they were defective. He first asserts that his failure to have a current brake and light sticker on his vehicle was not evidence of defective brakes, nor of negligence which was a proximate cause of the injury. He relies on Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519 (1961), and Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968).

His position is that these cases held " * * * that section 64–20–41, N.M.S.A., 1953, sets the minimum standards required for brakes and that an owner of an automobile is not guilty of negligence by the mere act of permitting a vehicle on the highway with brakes which meet these standards." We are unable to agree that these cases so held.

We observe that no where in the court's findings, and particularly in those which are attacked, is any reference made to § 64–20–41, N.M.S.A.1953, or to the standards set forth therein.

■ The evidence was that the vehicle did not have a current brake and light sticker, and the court so found. The court did not, however, find this to be evidence of defective brakes or of negligence. The only effect the court could have given to this failure to have a current brake and light sticker, in view of the language of the findings, was a consideration of it on the question of Villa's knowledge of the defective condition of the brakes on his vehicle. The finder of the facts may properly consider such evidence for this purpose. Ferran v. Jacquez, supra.

He next contends that: "The presence or absence of skid marks is not evidence of negligence when all other evidence was to the effect that said brakes were not defective, * * *"

It is true he offered evidence from which the court could have found the brakes were not defective, but this was not all the evidence. The court's findings, as to the ineffectiveness of the brakes, and which findings are clearly supported by the evidence are: (1) the truck skidded for 129 feet to the point of impact; (2) only the front tires of the truck made skid marks; (3) the skid mark made by the right front tire was 8 feet longer than that made by the left front tire; (4) skid marks left by Villa's vehicle were no longer than those made by another vehicle which was behind Villa; (5) this other vehicle left skid marks by all four tires and came to a stop in this distance; (6) after the impact, the Villa vehicle knocked down a fence and came to rest in an open field.

We are of the opinion that the evidence substantially supports the court's findings and conclusions that the brakes on Villa's vehicle were defective; that he knew, or should have known, of the defective condition of the brakes; and that this negligence on his part was a proximate cause of the collision.

Under his third point, Villa contends no act or omission by him could be considered as a proximate cause of the accident.

We have already held contrary to this contention in answering his first two points.

Here he particularly attacks the court's findings as to excessive speed and failure to keep a proper lookout. The speed limit was 55 miles per hour. The court found he was exceeding this speed and was travelling at the rate of 55 miles per hour at the point of impact. These findings are supported by the evidence. Even Villa testified that his speed "at the point of impact" was 55 miles per hour. In addition thereto, we have the skid marks to which reference is above made, the force of impact which knocked the Joseph vehicle about 20 or 25 feet and spun it about 90 degrees, and the continued momentum of Villa's vehicle, which carried it through the fence and into the open field where it came to rest.

As to the failure of Villa to keep a proper lookout, his testimony was that he did not see the Joseph vehicle until it was about two feet from the northbound lanes upon which he was travelling. The Joseph vehicle was clearly visible. A motorist has the duty to remain alert and to keep a reasonable lookout for vehicles approaching on intersecting streets, roads or highways. Boydston v. Twaddell, 57 N.M. 22, 253 P. 2d 312 (1953). See also Gilon v. Franco, 77 N.M. 786, 427 P.2d 666 (1967); Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316 (1946).

Contrary to Villa's argument, the court did not find that he "had a duty to keep a lookout for traffic on the southbound lanes."

We have considered all of the arguments and cases relied upon by Villa in support of his contentions, but are convinced that there is substantial evidence to support the findings that he was exceeding the speed limit, was operating his truck when he knew or should have known that it had defective brakes, and failed to see the Joseph automobile when he should have seen it. We also are convinced that the evidence substantially supports the finding that these acts of negligence were proximate causes of the accident.

In his final point, Villa contends decedent was guilty of contributory negligence as a matter of law in failing to keep a proper lookout because: (1) she was a driver of automobiles; (2) she knew or should have known that the sun was blinding Mrs. Joseph; (3) she had an unobstructed view of the northbound lanes and could have seen the Villa truck had she looked; (4) she did not warn Mrs. Joseph until the moment of impact.

In support of his claim of contributory negligence he relies upon the case of Perini v. Perini, 64 N.M. 79, 324 P.2d 779 (1958). As stated in that case, a guest or passenger in an automobile can be contributorily negligent, and must use such care

as an ordinarily prudent person would exercise under the circumstances. It was also stated that " '* * * where either (1) the evidence is in conflict as to the facts of the occurrence, or (2) where reasonable minds may differ as to the effect of the undisputed facts * * * on the consciousness or knowledge of the * * * driver, then the question is one for the jury.' "

In the Perini case, the trial court found the passengers guilty of contributory negligence, and our Supreme Court repeated the often stated rule that where findings are "* * * supported by substantial evidence, with reasonable inferences to be drawn therefrom, * * * they will not be disturbed on appeal. * * *" The same rule is indulged in support of the finding in the present case that the passenger was not guilty of contributory negligence.

■ As stated in Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386 (1962): "* * * there can be no doubt, that in the absence of knowledge of the presence of danger or unsuitability of the driver, there is no duty for a passenger to keep a lookout for peril ahead." See also Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Trujillo v. Chavez, 76 N.M. 703, 417 P.2d 893 (1966).

We have nothing to indicate the unsuitability of Mrs. Joseph as a driver. The danger did not arise until she made her turn to the east and was blinded by the rising sun. On the basis of a speed of 10 miles per hour for her vehicle, the collision occurred in about six seconds from the moment the turn was made, and on the basis of 20 miles per hour, in about three seconds. The only evidence that decedent was aware of danger is found in her warning to "look out," and this was just at the moment of impact.

■ Ordinarily, contributory negligence is a question of fact and not one of law. Behymer v. Kimbell-Diamond Company, 78 N.M. 570, 434 P.2d 392 (1967); Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967); Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967). Under the evidence adduced in this case, it was a question of fact to be decided by the trial court.

The case should be reversed with directions to set aside the judgment, dismiss the complaint as to the defendant Joseph, and enter a judgment against defendant Villa' for the damages found.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.