Joan McENTIRE, a Widow, et al.,
Appellants,

v.

The ESTATE of Robert FORTE, Appellee.

No. 17539.

Court of Civil Appeals of Texas,
Dallas.

Feb. 5, 1971.

Rehearing Denied Feb. 26, 1971.

Tom H. Davis, Byrd, David, Eisenberg & Clark, Austin, for appellants.

Jack Pew, Jr., W. B. Patterson, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

GUITTARD, Justice.

Charles McEntire and Robert Forte, both residents of Texas, were killed in an airplane crash as they were returning from Farmington, New Mexico to Dallas, Texas. The plane was owned and presumably piloted by Forte. This wrongful death action was brought by McEntire's widow for herelf and her children against Forte's estate. Defendant pleaded the New Mexico aviation guest statute, which bars claims against the owner or operator of an aircraft for injuries to guests resulting from an accident "unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." Art. 44–1–16, New Mexico Statutes. By agreement the fact issue of whether McEntire was a guest was severed and tried without a jury. The trial court found that he was a guest. Later defendant presented a motion for summary judgment on the remaining issues, which was sustained, and plaintiff appeals from that judgment.

■ The principal question before us is whether the New Mexico guest statute governs, even though both guest and pilot were residents of Texas. We hold that it does.

Actions for wrongful death did not exist at common law and arise only by virtue of legislation. Our statute, now Art. 4671, Vernon's Ann.Civ.St., was construed in Willis v. Missouri Pacific Ry. Co., 61 Tex. 432 (1884), as giving no right of action for a tort committed outside of the state. However, in 1913 the Legislature enacted a statute, now Art. 4678, V.A.C.S., dealing specifically with death claims arising in other states and foreign countries:

"Whenever the death or personal injury of a citizen of this State or of the

United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure." See Acts 1913, 33rd Leg., Ch. 161, p. 338, and Acts 1917, 35th Leg., Ch. 156, p. 365.

In Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.Sup.1968), the Supreme Court of Texas stated the purpose of Article 4678 as follows:

"This enactment does not purport to give extraterritorial effect to the Texas wrongful death statute. Its purpose was simply to provide that a right of action arising under the laws of a foreign state or country for the wrongful death of a Texas citizen could be enforced in the Texas courts."

In accordance with this construction, the Supreme Court held in Marmon that a claim for the death of a Texas citizen arising out of an airplane crash in Colorado must be based on the Colorado wrongful death statute and, accordingly, subject to the provision of that statute limiting recovery for wrongful death to $25,000. Notwithstanding a vigorous dissenting opinion urging adoption of the "significant contacts" rule, the majority declined to hold that the case was essentially a Texas controversy which should be governed by Texas law.

In the present case plaintiff attempts to distinguish Marmon on the ground that the $25,000 limitation in that case was provided in the Colorado death statute itself, whereas the New Mexico aviation guest statute is a separate enactment. Plaintiff argues that she is not seeking to give the Texas death statute extraterritorial effect but rather that she bases her claim on the New Mexico death statute, which has no limitation. Nevertheless, she urges us to follow the "significant contacts" rule and apply Texas law rather than the New Mexico aviation guest statute in determining the rights of the parties.

We do not believe that the Marmon case can be distinguished on this ground. The New Mexico guest statute expressly applies to death cases: "No person riding in an aircraft as a guest, * * * nor his personal representative in the event of the death of such guest, shall have a cause of action against any pilot * * * of such aircraft * * * for injury, death, or loss * * *", etc. (Emphasis ours.) Art. 44–1–16, New Mexico Statutes. In any case involving the death of an aviation guest in New Mexico, this provision controls to the same extent as if it were actually a part of the New Mexico death statute. Under New Mexico law no right of action exists to recover damages for death of an aviation guest unless caused by "heedlessness or his reckless disregard of the rights of others."

Our Article 4678 permits an action in our courts for death resulting from the wrongful act outside the state "for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign state." According to the majority opinion in Marmon, this language of Article 4678 is a statutory enactment of the law of the place of the tort in wrongful death actions. Thus we are bound to apply New Mexico law, and we are not at liberty to accept one New Mexico statute and discard another in favor of a different rule of Texas law. Consequently, we must hold that the New Mexico guest statute controls.

494

Plaintiff next asks us to hold the New Mexico aviation guest statute unconstitutional because of conflict with federal law regulating air commerce. She argues that Congress, by enacting the Federal Aviation Act of 1958, Public Law 85–726, Titles 1 to 13, August 23, 1958, 49 U.S.C.A. Ch. 20, § 1301 et seq., has pre-empted the regulation of air commerce and thus nullified all state laws dealing with the matter. Alternatively she suggests that the New Mexico aviation guest statute is invalid because of a conflict with specific regulations issued by the Federal Aviation Administrator.

█ Whether state regulation in a particular field has been pre-empted by federal legislation is a question of legislative intent, and such intent will not be implied unless that was the clear and manifest purpose of Congress. Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947); Double-Eagle Lubricants, Inc. v. State of Texas, 248 F. Supp. 515, 517 (N.D.1965), appeal dismissed 384 U.S. 434, 86 S.Ct. 1601, 16 L. Ed.2d 670 (1966). Accordingly, we must look to the provisions of the Act to determine that intent.

Section 1108 of the Act declares that the United States possesses exclusive national sovereignty in its airspace, but this declaration is made with respect to foreign aircraft. 49 U.S.C.A. § 1508. Section 305 empowers and directs the Administrator to encourage and foster the development of civil aeronautics. 49 U.S.C.A. § 1346. Section 307(a) authorizes and directs the Administrator to develop plans and formulate policies for use of navigable airspace and to assign the use of such space by rule, regulation or order under such terms as he deems necessary for safety. 49 U.S. C.A. § 1348(a). Section 601(a) (6) empowers the Administrator to promote safety of flight of civil aircraft in air commerce by prescribing such reasonable rules and regulations or minimum standards as he may find necessary to provide adequately for the national security and safety in air commerce. 49 U.S.C.A. § 1421(a) (6).

█ Our attention has been directed to nothing in this Act, or in the regulations under it, which deals specifically with tort liability. The scheme of regulation set out in the Act is based on the requirement of certificates for airmen, aircraft and air carriers. The rules, regulations and standards prescribed by the Administrator under the Act are enforced administratively by withholding, suspending, modifying or revoking such certificates. See §§ 601 to 610, 49 U.S.C.A. §§ 1421 to 1430. Nothing in this scheme of regulation indicates an intent to pre-empt the traditional function of state law with respect to tort liability. On the contrary, Section 1106 of the Act expressly negatives such intent: "Nothing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies." 49 U.S.C.A. § 1506.

The question of pre-emption of tort liability by the Federal Aviation Act of 1958 was specifically raised and decided adversely to plaintiff's contention in Rogers v. Ray Gardner Flying Service, Inc., 435 F.2d 1389 (5th Cir. 1970). See also Southeastern Aviation, Inc. v. Hurd, 209 Tenn. 639, 355 S.W.2d 436 (1962), appeal dismissed 371 U.S. 21, 83 S.Ct. 120, 9 L.Ed.2d 96. In an analogous situation, the Supreme Court of the United States held that the Railroad Safety Appliance Act did not pre-empt the field of railroad tort liability so as to invalidate common-law defenses under state law. Crane v. Cedar Rapids & Iowa City Ry. Co., 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969).

█ Neither do we find that any regulation under the Federal Aviation Act of 1958 conflicts specifically with the New Mexico aviation guest statute. The particular regulation plaintiff relies on is Federal Aviation Regulation, 14 CFR, § 91.9, which provides, "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." Plaintiff argues that this regulation imposes on the operator of an

aircraft a standard of ordinary care, which is more onerous than the standard imposed for the benefit of aviation guests under the New Mexico statute. As we read this statute, it does not purport to define the standard of care required of the operator, but only to define the circumstances under which a guest has a right to recover damages. It is entirely consistent to hold that the pilot of an aircraft has a duty to use ordinary care in its operation and is subject to administrative and other penalties under the Federal Act for failure to conform to that standard, but that his guest has no right of action under state law to recover damages unless the pilot's conduct amounts to "heedlessness or his reckless disregard of the rights of others."

A contrary result was reached in Blevens v. Sfetku, 259 Cal.App.2d 527, 66 Cal. Rptr. 486 (1968), but that was a case involving a maritime tort on a navigable interstate river, with respect to which federal admiralty law was held to be exclusive under Article 3, Section 2, of the United States Constitution. Under the decisions above cited, the Federal Aviation Act of 1958, which is based on the commerce clause in Article 1, Section 8, has no such preemptive effect.

■ Plaintiff challenges the fact finding of the trial court that McEntire was a guest on the ground that there is no evidence to support such finding and also on the ground that such finding is contrary to the overwhelming preponderance of the evidence. Her evidence on the point is admittedly circumstantial. The flight to New Mexico was a business trip for Forte, and McEntire told his wife before he left that Forte wanted him to go to help with some business matters. Forte told his family that he wanted McEntire to go along for company, and so that McEntire, who was recently licensed as a pilot, might get some flying experience. There is evidence that Forte asked McEntire to run some errands for him in Farmington, although there is no evidence that McEntire actually did so, though he did accompany Forte to some business conferences. It is undisputed that McEntire made no payment to Forte for the trip and that he agreed to go only when Forte consented to stop at Hereford, Texas on the way out so that McEntire could attend to some of his own business there. We hold that the evidence is sufficient, both legally and factually, to support the trial court's finding that McEntire was a guest.

■ Plaintiff also claims that a fact issue was raised as to whether Forte was guilty of "heedlessness or reckless disregard of the rights of others." On this point the parties stipulated that the evidence on the motion for summary judgment was all the evidence that could be presented at a trial, so that we have the same question as if a motion for instructed verdict had been sustained. The only evidence on the matter is Forte's failure to file a flight plan and the circumstances found at the scene, which indicated that the aircraft collided with a mountain at 9:03 a. m. while in level, powered flight at an altitude of approximately 9200 feet. Whether the crash was the result of momentary inadvertence or of a persistently reckless course of conduct is wholly a matter of speculation. In order to raise an issue on "heedlessness or his reckless disregard of the rights of others" under the corresponding provision of the New Mexico automobile guest statute, the Supreme Court of New Mexico requires substantial evidence of the driver's state of mind indicating "an utter irresponsibility on the part of the defendant or of a conscious abandonment of any consideration for the safety of passengers." McGuire v. Pearson, 78 N.M. 357, 431 P.2d 735 (1967). No such evidence is presented here.

The judgment of the district court is affirmed.